1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARK FREEMAN,

11          Plaintiff,                        No. CIV S-04-0902 DFL PAN P

12       vs.

13   SCOTT KERNAN, et al.,

14          Defendants.                       ORDER

15   _____/

16          Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action

17   seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate

18   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

19          On December 7, 2004, the magistrate judge filed findings and recommendations

20   herein which were served on plaintiff and which contained notice to plaintiff that any objections

21   to the findings and recommendations were to be filed within twenty days.  Plaintiff has filed

22   objections to the findings and recommendations.

23          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-

24   304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire

25   file, the court finds that plaintiff lacks Article III standing to bring this claim because he has not

26   suffered an injury.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130

1

1   (1992) (holding that standing requires a plaintiff to state "an injury in fact" that is not

2   "hypothetical").  Plaintiff states in his objections that he seeks to have the rules violation report

3   removed from his records because it will prevent him from being paroled.  However, he has not

4   had an adverse ruling from a parole board based upon the report and may never receive such a

5   ruling.  To satisfy the requirements for standing on the claim that this rules violation report is

6   unfounded, plaintiff must wait until he is denied parole on this ground and then petition for writ

7   of habeas corpus.  See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (holding that

8   prisoner could not bring an action under § 1983 to challenge improper parole hearing); Elliott v.

9   United States, 572 F.2d 238, 239 (9th Cir. 1978) (holding that challenge to improper denial of

10  parole should be brought as a petition for writ of habeas corpus).

11                  Accordingly, IT IS HEREBY ORDERED that:

12                  1.  The findings and recommendations filed December 7, 2004, are VACATED;

13  and

14                  2.  This action is DISMISSED for lack of standing.

15  DATED: 6/8/2006

16

17

18  _____
    DAVID F. LEVI
19  United States District Judge

20

21

22

23

24

25

26

2